# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

CARL K. THOMPSON,

    Plaintiff,

    v.

MARY LEE FEBVRE,

    Defendant.

Case No. 3:23-cv-00091-SLG

## SCREENING ORDER

Self-represented prisoner Carl K. Thompson ("Plaintiff") filed a civil rights complaint ("Complaint"), a civil cover sheet, and an application to waive prepayment of the filing fee.[1] On August 16, 2023, Plaintiff paid the filing fee.[2] Plaintiff alleges Mary Lee Febvre, a mailroom officer at Wildwood Correctional Center ("Defendant"), violated his First Amendment Right to access the state courts. Plaintiff cites to an Alaska Department of Corrections (DOC) policy 810.03.I.E., which requires legal mail to be "picked up within 24 hours."[3] Plaintiff seeks $30,000 in damages.[4] The Court now screens Plaintiff's Complaint in accordance with 28 U.S.C. §§ 1915(e) and 1915A.

---

[1] Dockets 1-3.

[2] Receipt number 100020465.

[3] Docket 1 at 3-5.

[4] Docket 1 at 9.

## SCREENING STANDARD

Under the Prison Litigation Reform Act, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity, even if the filing fee has been paid.[5] In this screening, a court shall dismiss the case at any time if the court determines that the action:

(i) is frivolous or malicious;

(ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief against a defendant who is immune from such relief.[6]

Before a court may dismiss any portion of a complaint, a court must provide a plaintiff with a statement of the deficiencies in the complaint and an opportunity to amend or otherwise address the problems, unless to do so would be futile.[7] Futility exists when "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."[8]

---

[5] 28 U.S.C. §§ 1915, 1915A.

[6] 28 U.S.C. § 1915(e)(2)(B).

[7] *See Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (citing *Albrecht v. Lund,* 845 F.2d 193, 195 (9th Cir. 1988)).

[8] *See Schreiber Distributing Co. v. Serv-Well Furniture Co.,* 806 F.2d 1393, 1401 (9th Cir. 1986).

Case No. 3:23-cv-00091-SLG, *Thompson v. Febvre*
Screening Order
Page 2 of 12
Case 3:23-cv-00091-SLG   Document 4   Filed 08/31/23   Page 2 of 12

## DISCUSSION

Pursuant to Rule 201 of the Federal Rules of Evidence, the Court takes judicial notice[9] of the online docket records of the Alaska Trial Courts and the Alaska Appellate Courts.[10] Plaintiff filed for post-conviction relief in the Superior Court on January 20, 2019.[11] The Alaska Court of Appeals affirmed the trial court's denial of relief on October 22, 2022.[12] Plaintiff submitted his petition for hearing to the Alaska Supreme Court on November 18, 2022, and it was accepted for filing on January 6, 2023.[13] On June 19, 2023, after this case was initiated, the Supreme Court denied Plaintiff's petition explaining:

> The court of appeals' reliance on the record from Thompson's underlying criminal case and the State's citation to that record when litigating Thompson's application for post-conviction DNA testing do not establish the crime of unsworn falsification, the crime of tampering with official documents, or any other type of fraud.[14]

---

[9] Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact." Black's Law Dictionary (11th ed. 2019);

[10] Docket records of the Alaska Trial Courts and the Alaska Appellate Courts may be accessed online at https://courts.alaska.gov/main/search-cases.htm. See *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) ("we may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue") (internal citations and quotation marks omitted).

[11] *In the Matter of: Thompson v. Alaska,* Case No. 4FA-19-01380CI.

[12] *Thompson v. Alaska,* Case No. A-13656, Opinion No. 7030.

[13] *Thompson v. Alaska,* Case No. S-18575, Docket 7 (Notice of Filing).

[14] *Thompson v. Alaska*, Case No. S-18575, Docket 18 (Disposition Order).

Case No. 3:23-cv-00091-SLG, *Thompson v. Febvre*
Screening Order
Page 3 of 12
Case 3:23-cv-00091-SLG   Document 4   Filed 08/31/23   Page 3 of 12

The state court dockets do not reveal any additional cases involving Plaintiff since 2021.[15]

## I. REQUIREMENTS TO STATE A CLAIM

To determine whether a complaint states a valid claim on which relief may be granted, courts consider whether the complaint contains sufficient factual matter that, if accepted as true, "state[s] a claim to relief that is plausible on its face."[16] In conducting its review, a court must liberally construe a self-represented plaintiff's pleading and give the plaintiff the benefit of the doubt.[17] Factual allegations may not be speculative; rather, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[18]

Rule 8 of the Federal Rules of Civil Procedure instructs that a complaint must contain a "short and plain statement of the claim showing that the [complainant] is entitled to relief[.]" A complaint should set out each claim for relief separately. Each claim should identify (1) the specific harm that a plaintiff is

---

[15] The Alaska Supreme Court denied a previous post-conviction relief attempt on October 20, 2021. *See* Supreme Court Case No. S-18164 regarding underlying Superior Court Case No. 4FA-18-02504CI and Court of Appeals Case No. A-13634. Plaintiff also filed a civil case against DOC Commissioner Nancy Dahlstrom on June 26, 2019, in which summary judgment was granted for the defendant on December 16, 2021. *Thompson v. Dalhstrom,* Case No. 3KN-19-00530CI.

[16] *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[17] *Hebbe v. Pliler,* 627 F.3d 338, 342 (9th Cir. 2010) (citing *Bretz v. Kelman,* 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc)).

[18] *Ashcroft,* 556 U.S. at 678.

Case No. 3:23-cv-00091-SLG, *Thompson v. Febvre*
Screening Order
Page 4 of 12
Case 3:23-cv-00091-SLG   Document 4   Filed 08/31/23   Page 4 of 12

alleging has occurred to him, (2) when that harm occurred, (3) where that harm was caused, and (4) who he is alleging caused that specific harm to him. While a complaint need not, and should not, contain every factual detail, "unadorned, the defendant-unlawfully-harmed-me accusation[s]" are insufficient to state a claim.[19] A complaint is insufficiently pled if it offers "naked assertions devoid of further factual enhancement."[20]

Plaintiff's Complaint does not contain sufficient plausible facts to meet the requirements of Rule 8 of the Federal Rules of Civil Procedure for a civil rights action for damages under 42 U.S.C. § 1983. Therefore, the Court must dismiss the Complaint. However, the Court grants leave to amend certain claims in accordance with the guidance provided herein.

## II. CIVIL RIGHTS CLAIMS UNDER 42 U.S.C. § 1983 ("Section 1983")

### A. Section 1983 Claims

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States."[21] Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere.[22] To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a

---

[19] *Id.*

[20] *Id.* (internal citations and quotations omitted).

[21] *Wilder v. Virginia Hosp. Ass'n,* 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983).

[22] *Graham v. Connor,* 490 U.S. 386, 393-94 (1989).

Case No. 3:23-cv-00091-SLG, *Thompson v. Febvre*
Screening Order
Page 5 of 12
Case 3:23-cv-00091-SLG   Document 4   Filed 08/31/23   Page 5 of 12

right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law.[23] Additionally, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant, and he must allege an affirmative link between the injury and the conduct of that defendant.[24] "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of Section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."[25]

### B. Access to Courts

Prisoners have a constitutional right of access to the courts.[26] To establish a violation of the right of access to the courts, a prisoner must establish that he or she has suffered an actual injury.[27] An "actual injury" is "actual prejudice with

---

[23] See *West v. Atkins,* 487 U.S. 42, 48 (1988); *Ketchum v. Alameda Cnty.,* 811 F.2d 1243, 1245 (9th Cir. 1987).

[24] See *Rizzo v. Goode,* 423 U.S. 362, 371-72, 377 (1976).

[25] *Johnson v. Duffy,* 588 F.2d 740, 743 (9th Cir. 1978).

[26] See *Lewis v. Casey*, 518 U.S. 343, 346 (1996); *Bounds v. Smith*, 430 U.S. 817, 821 (1977), *limited in part on other grounds by Lewis*, 518 U.S. at 354; *Entler v. Gregoire*, 872 F.3d 1031, 1039 (9th Cir. 2017) ("The most fundamental of the constitutional protections that prisoners retain are the First Amendment rights to file prison grievances and to pursue civil rights litigation in the courts, for without those bedrock constitutional guarantees, inmates would be left with no viable mechanism to remedy prison injustices.") (citation and internal quotation marks omitted).

[27] *Lewis*, 518 U.S. at 349; *Madrid*, 190 F.3d at 996.

Case No. 3:23-cv-00091-SLG, *Thompson v. Febvre*
Screening Order
Page 6 of 12
Case 3:23-cv-00091-SLG   Document 4   Filed 08/31/23   Page 6 of 12

respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim."[28]

To show actual injury for an access-to-courts claim, an inmate must "demonstrate that the alleged shortcomings… hindered his efforts to pursue a legal claim."[29] This is because "meaningful access to the courts is the touchstone."[30] Only the hindrance of "direct appeals from the convictions for which they were incarcerated," "habeas petitions," and "civil rights actions" implicate the access right recognized by the Supreme Court.[31] The hindered claim must also be "nonfrivolous," as "[d]epriving someone of a frivolous claim . . . deprives him of nothing at all . . . ."[32] A claim is nonfrivolous in this context if the plaintiff can "show that the 'arguable' nature of the underlying claim is more than hope."[33]

According to Plaintiff, on December 22, 2023, he placed two envelopes in the outgoing mailbox. The first was addressed to the Alaska Supreme Court where his petition for hearing in his post-conviction relief proceedings was then pending.[34]

---

[28] *Lewis*, 518 U.S. at 348 (citation and internal quotation marks omitted).

[29] *Lewis v. Casey,* 518 U.S. 343, 351 (1996).

[30] *Id.* (quoting *Bounds v. Smith,* 430 U.S. 817, 823 (1977)).

[31] *Nasby v. Nevada,* Case No. 21-15044, 2023 WL 5315112, at *2 (9th Cir. Aug. 18, 2023) (citing *Bounds v. Smith,* 430 U.S. 817, 823 (1977)).

[32] *Lewis,* 518 U.S. at 353 n.3.

[33] *Christopher v. Harbury,* 536 U.S. 403, 416 (2002).

[34] Docket 1 at 3.

Case No. 3:23-cv-00091-SLG, *Thompson v. Febvre*
Screening Order
Page 7 of 12
Case 3:23-cv-00091-SLG   Document 4   Filed 08/31/23   Page 7 of 12

The second was addressed to the Alaska Superior Court.[35] Plaintiff alleges the envelopes were not picked up by Defendant until January 3, 2023. Plaintiff also alleges that on January 18, 2023, he placed another envelope "addressed to Superior Court in Fairbanks" into the outgoing mail, but it was not picked up by Defendant until January 24, 2023.[36]

Plaintiff asserts Defendant's failure to follow DOC's mail equates to a violation of his constitutional rights. However, an alleged failure to follow a prison policy does not, standing alone, establish a federal constitutional violation.[37] Rather, as discussed above, Plaintiff must allege facts that, if proven, would establish that Defendant's delay in mailing his letters caused him to suffer a specific injury with regard to his existing litigation, such a prevent from meeting a filing deadline or presenting a claim, such that Plaintiff's access to the Court was actually restricted as a result of Defendant's conduct. Here, Plaintiff has not alleged facts that, if proven, would demonstrate that he suffered an actual injury that could permit him to successfully pursue an access-to-courts claim.

Plaintiff does not allege, nor do the state court's dockets suggest that any of Plaintiff's filings were rejected for late filing. Plaintiff does not allege what

---

[35] Docket 1 at 4.

[36] Docket 1 at 5.

[37] *See Cousins v. Lockyer,* 568 F.3d 1063, 1070 (9th Cir. 2009) (alleged failure to follow prison policy does not establish federal constitutional violation).

Case No. 3:23-cv-00091-SLG, *Thompson v. Febvre*
Screening Order
Page 8 of 12
Case 3:23-cv-00091-SLG   Document 4   Filed 08/31/23   Page 8 of 12

documents he sought to mail or why his constitutional right of access to the courts was violated due to the alleged delay in delivery.

The Supreme Court notified Plaintiff his petition was received, confirmed it was pending[38], and has since denied the petition on the merits. There is no indication the Supreme Court would have come to a different conclusion had Plaintiff's mail been picked up a week earlier. And without an actual delay resulting in actual injury, Plaintiff's allegations do not amount to a cognizable access-to-court claim. Nonetheless, although amendment is likely futile, the Court grants Plaintiff leave to amend.

**IT IS THEREFORE ORDERED:**

1. Plaintiff's Complaint is **DISMISSED** for failure to state a claim upon which relief can be granted. The Court grants Plaintiff leave to file an amended complaint accordance with the guidance herein.

2. Plaintiff's Application to Waive Prepayment of the Filing Fee at Docket 3 is DENIED without prejudice as moot. In the event Plaintiff elects to file a First Amended Complaint, he may file a renewed application to waive prepayment of the filing fee with that pleading.

3. Plaintiff is accorded **30 days** from the date of this order to file **one of the following**:

---

[38] Alaska Supreme Court No. S-18575, Docket 16 (June 5, 2023 letter assuring Mr. Thompson his motion was pending before the court).

Case No. 3:23-cv-00091-SLG, *Thompson v. Febvre*
Screening Order
Page 9 of 12
Case 3:23-cv-00091-SLG   Document 4   Filed 08/31/23   Page 9 of 12

a. <u>First Amended Complaint</u>, in which Plaintiff restates his claims for damages to address the deficiencies identified in this order. An amended complaint should be on the Court's form, which is being provided to Plaintiff with this order. An amended complaint replaces the prior complaint in its entirety.[39] An amended complaint need not contain legal research or analysis, but it must contain sufficient facts that state a viable claim for relief. Plaintiff must include all of the claims he seeks to bring, but may only bring his own claims, not claims on behalf of a proposed class or any other individual. Any claims not included in the amended complaint will be considered waived. Any exhibits attached to the amended complaint should be submitted without any alterations or annotations by Plaintiff; OR

    b. <u>Notice of Voluntary Dismissal</u>, in which Plaintiff elects to close and end this case.

4. If Plaintiff does not file either an Amended Complaint or Notice of Voluntary Dismissal on the Court form **within 30 days from the date of this order,** this case may be dismissed with prejudice under 28 U.S.C. § 1915(e)(2)(B) without further notice to Plaintiff. This dismissal would count as a "strike" against Plaintiff under § 1915(g).[40] A voluntary dismissal does not count as

---

[39] See Fed. R. Civ. P. 15 and Local Civil Rule 15.1.

[40] 28 U.S.C. § 1915(g) prohibits a prisoner who files more than three actions or appeals in any federal court in the United States which are dismissed as frivolous or malicious or for failure to state a claim upon which relief may be granted, from bringing any other actions without

Case No. 3:23-cv-00091-SLG, *Thompson v. Febvre*
Screening Order
Page 10 of 12
Case 3:23-cv-00091-SLG   Document 4   Filed 08/31/23   Page 10 of 12

a "strike" under 28 U.S.C. § 1915(g). Self-represented litigants are expected to review and comply with the Federal Rules of Civil Procedure, the Local Civil Rules, and all Court orders.[41] Failure to do so may result in the imposition of sanctions authorized by law, including dismissal of this action.

5. At all times, all parties shall keep the Court informed of any change of address or phone number. Such notice shall be titled "Notice of Change of Address." The Notice shall contain only information about the change of address, and its effective date.[42] The Notice shall not include requests for any other relief. A Notice of Change of Address form, PS23, may be obtained from the Clerk of Court, if needed. If a plaintiff fails to keep a current address on file with the Court, that may result in a dismissal of the case without further notice.

6. All litigants are responsible for keeping copies of everything filed with the Court. As a courtesy, the Clerk's Office will keep original filings from self-represented litigants, including exhibits, for 180 days from the date the document was filed. However, litigants should not send important original

---

prepayment of fees unless the prisoner can demonstrate that he or she is in "imminent danger of serious physical injury."

[41] Federal Rules of Civil Procedure: https://www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure; Alaska District Court's Local Rules: https://www.akd.uscourts.gov/court-info/local-rules-and-orders/local-rules.

[42] *See* Local Civil Rule 11.1(b) (requiring a notice of change of address to be filed, as "[s]elf-represented parties must keep the court and other parties advised of the party's current address and telephone number").

Case No. 3:23-cv-00091-SLG, *Thompson v. Febvre*
Screening Order
Page 11 of 12
Case 3:23-cv-00091-SLG   Document 4   Filed 08/31/23   Page 11 of 12

documents or documents that cannot be replaced to the Court. If an original must be returned, a Motion for Return of Document should be filed as soon as possible.

7. Copies of documents filed with the Court may be obtained from the Clerk's Office for 50 cents per page. Litigants and members of the public may also print information from the Court's docket using the public computer terminal located in the Clerk's Office for 10 cents per page. There is no charge for viewing case information or documents at courthouse public access terminals. In the event of special circumstances or serious financial need, a litigant may file a motion asking for the copying costs to be waived or reduced. Litigants may also set up an account for online access to electronic records through the Public Access to Court Electronic Records (PACER) service.

8. The Clerk of Court is directed to send Plaintiff the following forms with this order: (1) Prisoner Complaint for Violation of Civil Rights (form PS01) with "FIRST AMENDED" written above the title; (2) Notice of Voluntary Dismissal (form PS09); (3) Notice of Change of Address (form PS23); and (4) the District Court's handbook, "REPRESENTING YOURSELF IN ALASKA'S FEDERAL COURT."

DATED this 31st day of August 2023, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

Case No. 3:23-cv-00091-SLG, *Thompson v. Febvre*
Screening Order
Page 12 of 12
Case 3:23-cv-00091-SLG   Document 4   Filed 08/31/23   Page 12 of 12