# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

CARL K. THOMPSON,

        Plaintiff,

    v.

MARY LEE FEBVRE,

        Defendant.

Case No. 3:23-cv-00091-SLG

## ORDER DISMISSING ACTION

Self-represented prisoner Carl K. Thompson ("Plaintiff") filed a civil rights complaint ("Complaint"), a civil cover sheet, and an application to waive prepayment of the filing fee.[1] The Court screened the Complaint in accordance with 28 U.S.C. §§ 1915(e) and 1915A and found it deficient but granted leave to amend.[2] Plaintiff timely filed a First Amended Prisoner's Complaint on the Court's form ("First Amended Complaint").[3] Upon review, the First Amended Complaint also fails to state a claim upon which relief could be granted. Further, as explained below, the Court finds that according an additional opportunity to file another amended complaint would be futile. Therefore, the Court is dismissing this action.

---

[1] Dockets 1-3.

[2] Docket 4.

[3] Docket 12.

**DISCUSSION**

The Court dismissed the initial Complaint for failing to state a claim upon which relief could be granted. Specifically, the Court found Plaintiff had not alleged facts that, if proven, would demonstrate that he suffered an actual injury to permit him to pursue an access-to-courts claim seeking $60,000 in compensatory damages. The First Amended Complaint also fails to plausibly allege any facts that, if proven, would demonstrate an actual injury to Plaintiff.

"It is the role of courts to provide relief to claimants who have suffered, or will imminently suffer, actual harm."[4] While Plaintiff is correct that he need not show a "physical injury" for purposes of an access to courts claim seeking damages,[5] he still must demonstrate an "injury in fact," which is the "invasion of a legally protected interest [that] is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical."[6]

In certain limited types of cases, compensatory damages for violation of a First Amendment right can be presumed—specifically, in cases involving the right to vote in a particular election and defamation per se.[7] But an injury is not

---

[4] *Lewis v. Casey,* 518 U.S. 343, 349 (1996).

[5] Docket 5 at 4.

[6] *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992) (internal citations and quotation marks omitted).

[7] *See Memphis Cmty. Sch. Dist. v. Stachura,* 477 U.S. 299, 311 n. 14 (referring to a narrow category of cases in which compensatory damages may be presumed, *i.e.,* voting rights cases). *See also Carey v. Piphus,* 435 U.S. 247, 262 (1978) (recognizing ability to recover for presumed damages for defamation per se).

Case No. 3:23-cv-00091-SLG, *Thompson v. Febvre*
Order Dismissing Action
Page 2 of 5
Case 3:23-cv-00091-SLG Document 6 Filed 12/28/23 Page 2 of 5

presumed in an access to court claim. Rather, to state such a claim, a plaintiff "must identify a nonfrivolous, arguable underlying claim" that the plaintiff has been or will be unable to pursue because the defendant's actions have denied the plaintiff meaningful access to the courts.[8] In addition, a plaintiff must allege he suffered "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim" due to a defendant's conduct.[9]

In this case, despite the guidance previously provided by the Court, Plaintiff again fails to allege he suffered any actual injury to his interests in a particular court case, such as a missed deadline or other consequence, as a result of Defendant's conduct, that impacted his ability to seek redress for a non-frivolous claim he sought to advance in a court case.[10] A mere delay in receiving or sending legal mail does not state a cognizable claim. And merely being subject to a governmental institution that is not organized or managed properly is not enough to invoke the intervention of the courts when no actual or imminent harm is

---

[8] *Christopher v. Harbury*, 536 U.S. 403, 4-15416 (2002) (a claim is nonfrivolous in this context if the plaintiff can "show that the 'arguable' nature of the underlying claim is more than hope."). *See also Alvarez v. Hill*, 518 F.3d 1152, 1155 n.1 (9th Cir. 2008) (explaining that "[f]ailure to show that a 'non-frivolous legal claim ha[s] been frustrated' is fatal" to a claim for denial of access.").

[9] *Nev. Dep't of Corr. v. Greene,* 648 F.3d 1014, 1018 (9th Cir. 2011) (*citing Lewis v. Casey,* 518 U.S. 343, 348-49 (1996)); *Himes v. Gastelo,* Case No. 2:18-CV-00327-PSG (MAA), 2019 WL 1865160, at *5 (C.D. Cal. 2019).

[10] Docket 4 at 3, 6-9.

Case No. 3:23-cv-00091-SLG, *Thompson v. Febvre*
Order Dismissing Action
Page 3 of 5
Case 3:23-cv-00091-SLG   Document 6   Filed 12/28/23   Page 3 of 5

present.[11] And while Plaintiff claims Defendant is engaging in an "ongoing practice" of delay, he cites no other instances apart from the two he describes in which his mail delivery has been delayed.[12] For these reasons, Plaintiff's First Amendment access to courts claim against Defendant fails to state a claim upon which relief can be granted and must be dismissed.

Further, although Plaintiff does not specifically bring a First Amendment retaliation claim, in his narrative, Plaintiff alleges he was retaliated against by Defendant for filing a grievance regarding the delay in sending his mail on December 22, 2022.[13] However, Plaintiff's conclusory allegations do not establish retaliation. Plaintiff fails to allege any facts to support finding that the Defendant took any action because of Plaintiff filing the particular grievance, that the alleged delay in sending Plaintiff's outgoing mail constituted an adverse action, or that Plaintiff suffered some other harm or injury that was "more than minimal."[14] Hence, to the extent Plaintiff intended to bring a First Amendment retaliation claim, he has failed to allege facts that, if proven, would state a viable claim for relief.

The Court finds that according Plaintiff leave to file another amended complaint would be futile, as it is clear that "the complaint could not be saved by

---

[11] *Lewis v. Casey,* 518 U.S. at 350 (discussing actual injury requirement for access to courts claim).

[12] *See Reynolds v. Potts,* 8 F.3d 29 (9th Cir. 1993).

[13] Docket 5 at 3.

[14] *Watison v. Carter,* 668 F.3d 1108, 1114 (9th Cir. 2012) (internal citations omitted).

Case No. 3:23-cv-00091-SLG, *Thompson v. Febvre*
Order Dismissing Action
Page 4 of 5
Case 3:23-cv-00091-SLG   Document 6   Filed 12/28/23   Page 4 of 5

any amendment."[15] Further, a "district court's discretion in denying amendment is 'particularly broad' when it has previously given leave to amend."[16] Accordingly, this action must be dismissed.

**IT IS THEREFORE ORDERED:**

a. This action is DISMISSED for failure to state a claim.

b. This dismissal counts as a "strike" against Plaintiff under 28 U.S.C. § 1915(g).[17]

c. The Clerk of Court is directed to enter a final judgment accordingly.

DATED this 28th day of December 2023, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[15] *Ctr. for Bio. Diversity v. United States Forest Serv.*, 80 F.4th 943, 956 (9th Cir. 2016) (quoting *Armstrong v. Reynolds*, 22 F.4th 1058, 1071 (9th Cir. 2022).

[16] *Gonzalez v. Planned Parenthood of L.A.*, 759 F.3d 1112, 1116 (9th Cir. 2014) (quoting *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004)).

[17] 28 U.S.C. § 1915(g) prohibits a prisoner who files more than three actions or appeals in any federal court in the United States which are dismissed as frivolous or malicious or for failure to state a claim upon which relief may be granted, from bringing any other actions without prepayment of fees unless the prisoner can demonstrate that he or she is in "imminent danger of serious physical injury."

Case No. 3:23-cv-00091-SLG, *Thompson v. Febvre*
Order Dismissing Action
Page 5 of 5
Case 3:23-cv-00091-SLG   Document 6   Filed 12/28/23   Page 5 of 5